CHARLES DRISCOLL *vs.* EZEKIEL HOYT & Trustees.

The trustees of a voluntary association formed for the purpose of buying family supplies and selling them to the members and others, the members of which own the capital in equal shares, and are to share any surplus, cannot be charged as trustees in foreign attachment of one who has previously been a member of the association, upon answers in which they declare their ignorance whether he still is, or whether there would be any surplus on winding up the affairs of the association.

TRUSTEE PROCESS. The alleged trustees in their answers, upon which the case was argued, disclosed that in January 1856 they were appointed trustees of Division No. 112 of the New England Protective Union, formed for the purpose of buying groceries and other supplies for family use and selling them to the members and others, the capital of which was owned equally by the members, and the surplus, if any, to be divided among them ; that they did not know whether the principal defendant was a member of the association, although he had formerly been one; that at the time of the service of the writ upon them, they as trustees of the association had in their hands a stock of goods, and the books showed about $900 due to the association, but they did not know whether these debts were actually due, or whether the debtors were able to pay, or the value of the goods ; that the association was also in debt to a large amount for goods bought and incidental expenses, and whether, if the business of the association had been closed at the time of the service of the process and its affairs settled, there would have been anything left, and, if anything, how much, they did not know.

*E. Ripley*, for the plaintiff.

*R. H. Dana, Jr.*, for the trustees.

BIGELOW, J. The answers of the persons summoned as trustees leave two essential facts in doubt, which should affirmatively appear in order to charge them as trustees of the defendant.

1. There is no satisfactory evidence that the defendant, a the time of the service of the trustee process, was a member of

the association called Division No. 112 of the New England Protective Union.

2. Nor does it appear that on settling the affairs of the association, and paying its debts, there would be any money or property left which would belong to the defendant. He would be entitled to nothing until the trust on which the property was placed in the hands of the trustees of the association had been fully performed.

It not being shown by the answer or otherwise that the persons summoned as trustees have any goods, effects or credits of the principal defendants in their hands, this process will not lie. *Porter* v. *Stevens,* 9 Cush. 530. *Trustees discharged.*